# EXHIBIT A

LAW OFFICES

# LANG, XIFARAS, & BULLARD

SCOTT W. LANG * *
PETER C. BULLARD *

SUSAN FORGUE WEINER *
GIGI D. TIERNEY *-
JENNIFER L. DAVIS *-
JULIE K. PETERSON *
ANDREW R. LANG *+
CATHERINE B. KRAMER *-

OF COUNSEL
HON. JOHN M. XIFARAS *
RETIRED JUSTICE OF THE SUPERIOR COURT

OF COUNSEL
HON. LLOYD MACDONALD *
RETIRED JUSTICE OF THE SUPERIOR COURT

115 ORCHARD STREET
NEW BEDFORD, MASSACHUSETTS 02740

TELEPHONE (508) 992-1270
FAX (508) 993-8696
WWW.LXBLAW.COM

MARGARET D. XIFARAS
(1945 – 2019)

ADMITTED TO PRACTICE
*MASSACHUSETTS
°DISTRICT OF COLUMBIA
+NEW YORK
-RHODE ISLAND

November 5, 2021

Plymouth County Superior Court
Clerk's Office
72 Belmont Street
Brockton, MA 02301

Dear Sir/Madam:

RE:   Brito, Jose v. ABC Manufacturing Corporation, et al.
        Civil Action No. 2183CV00548

Please find enclosed an Amended Complaint in the above captioned matter.
Additionally, the Amended Complaint reflects the name of what was an unnamed Defendant in
the Original Complaint whom service must be completed upon.   Therefore, a check made out to
"Commonwealth of Massachusetts" for $5.00 for one summons is also enclosed.

Thank you for your attention to this matter.

Sincerely,

Scott W. Lang
SWL/cbk

Enclosures

COMMONWEALTH OF MASSACHUSETTS

Plymouth, ss.

Superior Court Department
Civil Action No. 2183CV00548

JOSE CARLOS MENDES BRITO,
    Plaintiff

**FIRST AMENDED COMPLAINT**

vs.

FORENTA L.P.,
    Defendant

## INTRODUCTION

This action is brought pursuant to M.G.L. c. 152, § 15 for a personal injury sustained on July 17, 2019. The Plaintiff claims that this injury, which resulted in his suffering from third degree burns and severe pain, suffering and scarring on his left forearm and hand, was the direct and proximate result of the negligent conduct of the Defendant Forenta L.P.'s breach of warranties and the defective condition of the Defendant, Forenta L.P.'s product.

## PARTIES

1. Plaintiff, Jose Carlos Mendes Brito ("Plaintiff" or "Brito") is an individual who resides at 58 Roosevelt Street, New Bedford, Bristol County, Massachusetts.

2. Defendant, Forenta L.P. ("Defendant" or "Forenta") is a Delaware corporation with a principal place of business of 2300 West Andrew-Johnson Highway, Morristown, Tennessee and its resident agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, New Castle County, Delaware.

## JURISDICTION

3. The Court has jurisdiction over Defendant pursuant to the Massachusetts Long Arm Statute, M.G.L. c. 223A, § 3. Defendants transact business in the Commonwealth and

maintain sufficient "minimum contacts" to establish personal jurisdiction consistent with the due process clause of the Fourteenth Amendment.  The Plaintiff's causes of action against Defendants arise from each,

    a.   Transacting business in the Commonwealth of Massachusetts;

    b.   Contracting to supply services or things in the Commonwealth of Massachusetts;

    c.   Causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

    d.   Causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

## **FACTS**

4.   Defendant is a developer, designer, assembler, inspector, tester, manufacturer, marketer, distributor, and seller of a clothes pressor machine at issue in this matter.

5.   Brito is a twenty-eight-year-old male who is married.

6.   Brito is of Cape Verdean descent and speaks only Portuguese.

7.   Brito was employed by John Dallas, Inc. at Fabricare Cleaners located to 32 Pond Street, Norwell, Massachusetts.

8.   Brito was paid an hourly rate for the work he performed and worked full-time hours, including overtime.

9.   During the course of his employment with John Dallas, Inc., Brito began working with the clothes pressor machine for his employer.

3

10.  The pressor machine involved in the accident at issue in this case has a serial number of M8SL MAC 059 10 471 and a model number of 471 SLMAC.  See Exhibit 1.

11.  Said pressor machine was designed, developed, assembled, inspected, tested, manufactured by Defendant and was also marketed, sold, and distributed by Defendant.

12.  The pressor machine is a fold down hot head finishing steam press that has a head that opens and closes. When the machine closes, it closes onto a pressing board which a garment has been placed onto.  The machine also has a steam iron attached for use on the garments being pressed by hand.  The steam for the head and steam iron are sourced from the same tubing.  The bottom pressing board functions as an ironing board when the steam iron is being used manually.

13.  On or about July 17, 2019, Brito was at work pressing clothes for John Dallas, Inc. with said clothes pressor.

14.  On that day, the above pressor was working properly for the first several hours in the morning.  Then, the top of the lid of the pressing machine was not functioning correctly and would not close.  Brito brought the issue to the attention of his supervisor.  Brito's supervisor instructed him to use the bottom piece of the press as an ironing board and iron the garments with the handheld iron that was attached to the piping of the press. See Exhibit 2.

15.  With due care, Brito performed this function for a period of time when suddenly and without warning the top of the press lid fell on his left arm and hand causing third degree burns which required debridement of a substantial part of the skin.  See Exhibit 3.

4

16. Brito then pulled his arm backwards out of the press and fell backwards, hit his head, and came to rest on the floor.

17. The EMTs were called and soon arrived on the scene and transported Brito, via ambulance to South Shore Hospital in Weymouth where he was treated with pain medication including Toradol and Percocet and Silvadene for his burn.

18. As a result of this industrial accident, Brito was unable to work from July 17, 2019 to January 12, 2020, suffered substantial loss of earning capacity, and has incurred and will incur substantial medical expenses.

19. Brito has pursued all of his Workers' Compensation rights under the law, pursuant to Massachusetts General Laws Chapter 152 and has resolved his Workers' Compensation claim with his employer.

## COUNT I
## NEGLIGENCE v. FORENTA L.P.

20. The Plaintiff hereby incorporates within paragraphs 1 through 19 of the Complaint.

21. Forenta L.P. designed, assembled, inspected, tested, manufactured, marketed, distributed, sold, and/or supplied the presser machine involved in the accident here.

22. Forenta L.P., at all times prior to the occurrence of said accident, owed a duty to all persons to exercise due care in designing, assembling, inspecting, testing, manufacturing, marketing, distributing, selling, and/or supplying safe equipment with proper and required safety mechanisms and warnings to prevent injury to individuals using said supplied equipment.

23. Forenta L.P. was negligent and careless with respect to the Plaintiff in that the pressor machine or its component parts were negligently and carelessly designed, assembled, inspected, tested, manufactured, marketed, distributed, sold, and/or supplied.

24. Forenta L.P. knew or should have known of the dangerous nature and/or dangerous condition of the product or its component parts.

25. Forenta L.P. sold or distributed the product in a manner that it foresaw or should have foreseen would likely carry the product into contact with a person, such as the Plaintiff.

26. Forenta L.P. sold or distributed the product without a safety stop or other safety components and with any warnings on the equipment and/or with defective safety components and warnings.

27. The severe injuries of Plaintiff occurred by reason of Forenta L.P.'s negligence, without any negligence on the part of Plaintiff, and was within the scope of the foreseeable risk and the type of harm and injuries that could result.

28. As a direct and proximate result of Forenta L.P.'s negligence, Plaintiff sustained serious personal injuries, was caused to be disabled, was caused to be disabled into the future, was caused to be scarred and will continue to be scarred, was caused to be in great pain of body and mind, was caused to incur and will continue to incur substantial medical expenses, was caused to be unable to work and suffered a loss of earning capacity and lost wages, was caused to incur significant out of pocket expenses, and was caused and continues to be caused curtailment of normal activities and loss of enjoyment of life.

WHEREFORE, the Plaintiff, Jose Carlos Mendes Brito demands against Defendant, Forenta L.P. for substantial and full damages, plus interest and the costs of this action, attorney's fees and for such further relief as the Court may deem proper.

## COUNT II
## BREACH OF WARRANTY v. FORENTA L.P.

29. The Plaintiff hereby incorporates within paragraphs 1 through 28 of the Complaint.

30. Forenta L.P. designed, assembled, inspected, tested, manufactured, marketed, distributed, sold, and/or supplied the presser machine involved in the accident here.

31. Forenta L.P. impliedly warranted to the Plaintiff that the particular product and its component parts were merchantable, safe and fit for a particular purpose. Forenta L.P. had reason to know the particular purpose for which the goods were required and that the Plaintiff was relying on Forenta L.P.'s skill and judgment to select and finish suitable goods. Forenta L.P. sold or distributed the product without a safety stop or the product and component parts of the product and the product warnings and instructions were defective and therefore the product was not in fact merchantable, safe and fit as warranted by Forenta L.P. Forenta L.P. therefore breached these warranties to the Plaintiff.

32. As a direct and proximate result of Forenta L.P.'s negligence, Plaintiff sustained serious personal injuries, was caused to be disabled, was caused to be disabled in the future, was caused to be scarred and will continue to be scarred, was caused to be in great pain of body and mind, was caused to incur and will continue to incur substantial medical expenses, was caused to be unable to work and suffered a loss of earning capacity and lost wages, was caused to incur significant out of pocket expenses, and was caused and continues to be caused curtailment of normal activities and loss of enjoyment of life.

WHEREFORE, the Plaintiff, Jose Carlos Mendes Brito demands against Defendant, Forenta L.P. for substantial and full damages, plus interest and the costs of this action, attorney's fees and for such further relief as the Court may deem proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS.**

JOSE CARLOS BRITO
By his Attorney,

Scott W. Lang, Esquire   BBO #285720
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA  02740
(508) 992-1270
swlang@lxblaw.com

Dated: November 5, 2021

# EXHIBIT 1







# EXHIBIT 2





# EXHIBIT 3











